

Villanova University School of Law Digital Repository

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-11-2007

# USA v. Greenidge

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3639

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Greenidge" (2007). *2007 Decisions*. Paper 1117.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1117

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3639

UNITED STATES OF AMERICA

v.

CHARLES GREENIDGE,
agent of CHUNKY,

Charles Greenidge,
Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 04-cr-00895-1)
District Judge:  Honorable Joseph H. Rodriguez

Submitted Under Third Circuit LAR 34.1(a)
May 7, 2007

Before:  RENDELL, JORDAN and HARDIMAN, Circuit Judges.

(Filed May 11, 2007)

OPINION OF THE COURT

RENDELL, *Circuit Judge*.

Charles Greenidge pled guilty to misprision of a felony under 18 U.S.C. § 4 for

concealing information concerning the felony of possession of cocaine with intent to

distribute in violation of 21 U.S.C. § 841(b)(1)(B). On July 13, 2005, the District Court sentenced Greenidge to 27 months imprisonment. Greenidge appeals his sentence on the grounds that the District Court erred in calculating his criminal history category based on information about his prior convictions that was not mentioned in the indictment.

The District Court increased Greenidge's criminal history category from Category III to Category IV because Greenidge was on parole at the time of the instant offense, U.S. SENTENCING GUIDELINES MANUAL § 4A1.1(d), and the offense was committed less than two years after his release from custody, *id.* § 4A1.1(e). Greenidge argues that the District Court was not permitted to consider the details of Greenidge's prior convictions, namely, the dates that he was paroled and released from custody, in sentencing him because those details were not included in the indictment. Greenidge does not contend, however, that the information about his prior convictions relied upon by the District Court was inaccurate.

Greenidge argues that under *Shepard v. United States*, 544 U.S. 13 (2005), the District Court was not permitted to sentence him based on details of his prior convictions that were not contained in the charging document or plea agreement, or mentioned during the plea colloquy. *Shepard* addressed what information a court may consider to properly characterize a defendant's prior conviction for the purpose of imposing a sentence enhancement under the Armed Career Criminal Act ("ACCA"). The Court reaffirmed its holding in *Taylor v. United States*, 495 U.S. 575 (1990), that Congress did not intend that

2

courts would look beyond the records of the convicting court to determine how to categorize a prior conviction under the ACCA. *Shepard*, 544 U.S. at 23. The Court also noted that if it were to read the ACCA as permitting courts to do otherwise, this reading of the statute would raise serious questions about its constitutionality under *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000). *Shepard*, 544 U.S. at 25-26. The Court was concerned that increasing a defendant's sentence under the ACCA based upon judicially-found facts concerning the nature of the defendant's prior convictions might violate his Sixth Amendment rights in some circumstances.

A defendant's Sixth Amendment rights are implicated at sentencing when facts found by a judge, rather than a jury, result in an increase in the defendant's maximum authorized penalty. *United States v. Booker*, 543 U.S. 220, 224 (2005). Under the now-advisory Sentencing Guidelines, however, "[f]acts relevant to enhancements under the Guidelines [] no longer increase the maximum punishment to which the defendant is exposed, but [] simply inform the judge's discretion as to the appropriate sentence." *United States v. Grier*, 475 F.3d 556, 564 (3d Cir. 2007) (en banc). Greenidge's Sixth Amendment rights were therefore not violated by the Court sentencing him based on facts concerning his prior convictions that were not admitted by him or found by a jury beyond a reasonable doubt.

Accordingly, we will affirm the District Court's judgment of sentence.